IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

97 JUL 11 PM 3:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JAMES M HAMBY, | }<br>} |
| Plaintiff, | }<br>} |
| vs. | }  CIVIL ACTION NO.<br>}<br>}  96-AR-1983-M |
| FOREMOST INSURANCE CO. | }<br>} |
| Defendant. | }<br>} |

ENTERED
JUL 11 1997

## MEMORANDUM OPINION

The court has before it defendant's motion for summary judgment in the above entitled action. For the reasons articulated below, plaintiff's breach of contract claim is due to be dismissed, as is his claim for suppression based upon facts surrounding his purchase of adjacent structure insurance from defendant. In all other respects, defendant's motion is due to be denied.

### Pertinent Facts

Plaintiff, James Michael Hamby ("Hamby"), is a college educated man, who purchased mobile home insurance from an authorized agent, Steve Camp, ("Camp"), of defendant, Foremost Insurance Co., Inc. ("Foremost"). Hamby initially shopped around and found Foremost mobile home insurance to his liking--at least

1

temporarily. Hamby discussed the terms of his coverage with Camp. During said discussion, Hamby informed Camp that he would be building a deck onto his mobile home and would need insurance that would cover the deck. Apparently, Camp informed Hamby that his policy's "adjacent structure" coverage would insure the deck. Hamby recognized that he was receiving adjacent structure coverage, personal effects coverage and personal liability coverage as well as coverage for his mobile home. He knew this because he reviewed and signed a "worksheet" outlining his policy coverage.

Hamby never read his policy. If he had, he would have found that structures such as decks, were already covered under the basic mobile home coverage. The adjacent structures option covered structures that were not attached to the mobile home. Hamby testified that had he known this fact, he would not have purchased the adjacent structure coverage, which was optional, that Camp apparently told him would insure his deck.

The type of comprehensive package purchased by plaintiff conforms to industry standards and may allow all consumers to purchase insurance at cheaper rates (on the whole) than if they were required to purchase different coverage separately. Even so, unbeknownst to Hamby, but known to Camp, Foremost had a policy that would have allowed Hamby to purchase only mobile home insurance

2

without the allegedly unnecessary adjacent structure insurance. This bare bones coverage would have reduced Hamby's insurance premiums by approximately 16.75%.

Evidence exists suggesting that Camp and other Foremost agents were not instructed to inform customers that the economy package, the insurance coverage package sans extras, was available. A package could be bought without coverage for adjacent structures and a package could have been bought without such amenities as earthquake insurance. Camp was apparently aware that earthquake insurance was unnecessary, optional coverage in Alabama.

### B. Summary Judgment Standard

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). As stated by the Eleventh Circuit, "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1061 (11th Cir. 1994).

## C. Legal Analysis

Even though it contravenes common sense, given Hamby's educational background and his ability to shop around in a competitive insurance market, the bulk of this case must go forward. Hamby correctly points to a recent Supreme Court of Alabama opinion, *Foremost Insurance Co. v. Parham*, __So. 2d__, 1997 WL 112722 (Ala. 1997), that while slightly different on the facts, is close enough to control the present action.

Defendant's statute of limitations defense fails because, although the Alabama Supreme Court has reverted to the "reasonable reliance" standard in insurance fraud cases, it specifically did not do so retroactively. *Parham*, 1997 WL 112722 at *9. Accordingly, all cases filed prior to March 14, 1997, are controlled by the "justifiable reliance" standard of *Hickcox v. Stover*, 551 So. 2d 259 (Ala. 1989). *Parham*, 1997 WL 112722 at *9. The justifiable reliance standard, contrary to common sense and common law, allowed an insured to be willfully ignorant of the terms of his insurance contract. *Id.* at *8. Reliance on representations of an insurance agent was only deemed to be "unreasonable" if the representation was "one so patently and obviously false that [the insured] must have closed his eyes to

4

avoid the truth." *Johnson v. State Farm Ins. Co.*, 587 So. 2d 974, 979 (Ala. 1991) (quoting *Southern States Ford, Inc. v. Proctor*, 541 So. 2d 1081, 1091-92 (Ala. 1989)(Hornsby, J. concurring).

If the reasonable reliance standard were applied to the present facts, Alabama's two year statute of limitations would bar Hamby's claim. This is because plaintiff received his insurance policy and the description of its coverage prior to the two year limitation period. *Parham*, 1997 WL 112722 at *9. However, under the justifiable reliance standard,

> which is applicable in this case, the plaintiff['s] receipt of the documents and [his] failure to read them [does] not entitle Foremost to a judgment as a matter of law on the ground that the statutory limitations period had expired. A jury question [is] presented as to whether the plaintiff[] [was] justified in relying on what [Camp] had or had not told [him].

*Id.* The mere fact that Hamby was shown a worksheet acknowledging that he had adjacent structure coverage cannot alter this result. Hamby's purchase of this additional coverage was allegedly premised on Camp's representations to Hamby that the adjacent structure coverage was needed for Hamby's deck, when indeed it apparently was not. Had Hamby read the policy he would have known that the deck was covered under his mobile home policy. However, under the justifiable reliance standard, he was not required to make such an

5

inquiry. Accordingly, the statute of limitations is not a bar where Hamby could not have "reasonably" been expected to unearth or acknowledge the alleged misrepresentations.

Having decided the statute of limitations issue, the court has essentially decided the misrepresentation issue. To show misrepresentation claim in Alabama, the plaintiff must show: (1) misrepresentation of a material fact; (2) made willfully to deceive, recklessly, without knowledge, or mistakenly; (3) which was justifiably relied upon by plaintiff under the circumstances; and (4) which caused damage as a proximate consequence. *Id.* at *10 (citing Ala. Code § 6-5-101 (1997); *Harrington v. Johnson-Rast & Hays Co.*, 577 So. 2d 437 (Ala. 1991)). Plaintiff has made at least a facial showing on each of these elements. Camp apparently misrepresented Hamby's need to have the adjacent structure coverage, which was relied upon by Hamby, in that he bought such coverage. Hamby was damaged--in terms of Alabama law if not in terms of real world economics--at least to the extent of the difference in costs of the two policies. Accordingly, defendant's motion for summary judgment on this issue is due to be denied.

The court, however, finds it to be incongruous to allow a suppression claim to go forward based upon the adjacent structure

misrepresentation. Camp allegedly misrepresented Hamby's need for adjacent structure coverage, which necessarily required that Camp not disclose to Hamby that Hamby did not need such coverage. The misrepresentation claim therefore subsumes the suppression claim. If the suppression claim continued, plaintiff would be alleging two claims of fraud based on the same conduct with the same damages. Accordingly, plaintiff's suppression claim, insofar as it relates to plaintiff's adjacent structure coverage is due to be dismissed.

There is, however, some evidence to suggest a suppression claim based upon Camp's failure to disclose to Hamby that he was being charged with "optional" natural disaster, earthquake, coverage. The court in *Parham* said:

> We emphasize, however, that by this holding we do not decide whether an insurer marketing a package policy, with no optional coverages (coverages that could, upon request by the customer, be dropped with a corresponding reduction in the premium) is under a duty to inquire of the customer as to whether he or she wants or has a need for a specific coverage included in the policy and to disclose the existence of that coverage under the policy We hold only that a duty does arise on the part of an insurer to disclose the existence of a specific coverage under the policy when, as shown by the evidence in the case, the insurer has specific knowledge that a significant number of customers may not want or have a need for the coverage and that the coverage could be dropped with a corresponding savings in premium to the customer. Under these circumstances, the customer should be informed that the coverage may not be desired or necessary for everyone and that he customer should be allowed to make an informed decision as to whether to

7

purchase the coverage.

*Parham*, 1997 WL 112722 at *12. Again, whether this makes any economic sense is not for this court to decide. Earthquake insurance was optional, this fact was not disclosed to Hamby, Camp knew or should have known customers would not want such coverage, and Hamby apparently paid a premium on the coverage. Accordingly, the suppression claim is due to proceed on these facts.

Defendant suggests that plaintiff, by twice renewing his policy waived his fraud claim. This court cannot agree. There is at least a question of fact as to when Hamby learned of the fraud, and whether he took advantage of the coverage after he obtained this knowledge. Finally, defendant suggests that insufficient evidence exists to advance Hamby's claims for punitive damages because there is no clear and convincing evidence of intentional fraud. The court reserves a finding on this question until after all of the evidence is presented at trial. The court also finds, that as scarce as the facts are, there exists some question as to whether Camp was negligently trained or appointed. Accordingly, defendant's motion for summary judgment on this point is due to be denied.

Plaintiff has conceded his breach of contract claim. Accordingly, this claim is due to be dismissed.

A separate and appropriate order will be entered.

DONE this 11th day of July, 1997,

_____
WILLIAM M. ACKER JR.
UNITED STATES DISTRICT COURT